UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
CRISTIAN ALEXIS LOPEZ GREGORIO,                                        :
                                                                       :
                             Petitioner,                               :
                                                                       :
             -v-                                                       :          26 Civ. 4145 (JPC)
                                                                       :
TODD LYONS, *et al.*,                                                  :              ORDER
                                                                       :
                             Respondents.                              :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On May 18, 2026, Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. Dkt. 1. Upon receiving any such petition, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. Here, however, Petitioner requests more immediate relief in the form of a temporary restraining order filed the same day as the Petition. Dkt. 2 ("TRO").

Among other relief, Petitioner's TRO seeks to "[p]rohibit[] Respondents from transferring Petitioner outside this District absent further order of this Court." *Id.* at 6. But when a habeas petitioner "files a petition naming [his] immediate custodian, the District Court retains jurisdiction" to rule on the petition notwithstanding any subsequent transfer. *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004). Nor does Petitioner offer any support for his conclusory assertions that he "faces the immediate risk of transfer" and, even assuming that to be the case, that such transfer "would frustrate counsel's access and impair the Court's ability to grant effective habeas relief," TRO ¶ 19, particularly given the possibility of counsel having in-person or telephonic contact with Petitioner at his place of detention and the ability of this Court to resolve this case without Petitioner being present in the District. And Petitioner's other requests for relief, *see id.* at 6-7, go beyond the

"purpose of a temporary restraining order," which "is to preserve an existing situation in status quo until the court has an opportunity to pass upon the merits." *Pan Am. World Airways, Inc. v. Flight Eng'rs' Int'l Ass'n*, 306 F.2d 840, 842-43 (2d Cir. 1962).

The Court therefore will allow Respondents to respond to the Petition by May 29, 2026. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) ("[O]ur entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."). Petitioner may submit a reply in support of the Petition by June 5, 2026. The parties' submission should address how the Second Circuit's recent decision in *Barbosa da Cunha v. Freden*, No. 25-3141-pr (2d Cir. Apr. 28, 2026), Dkt. 78, affects the instant case, if at all.

The Clerk of Court is respectfully directed to electronically notify the Civil Division of the U.S. Attorney's Office for the Southern District of New York that this Order has been issued.

SO ORDERED.

Dated: May 19, 2026
New York, New York

JOHN P. CRONAN
United States District Judge

2